# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL O'LEARY, as Administrator Ad Prosequendum for the Estate of Shawn Patrick O'Leary, Deceased | : : : : : | CIVIL ACTION |
| v. | : : | |
| WEXFORD HEALTH SOURCES, INC., ET AL. | : : | NO. 16-1393 |

## ORDER

**AND NOW**, this 20th day of November, 2019, **IT IS HEREBY ORDERED** that the *pro hac vice* admission of Sonia Perez-Chaisson, allowing her to appear before this Court in connection with the above-captioned action, is **HEREBY REVOKED** as a consequence of her conduct during the telephone conference held by Magistrate Judge Timothy R. Rice and counsel on November 19, 2019 and her conduct during telephone conferences held by this Judge on August 5, 2019 and October 15, 2019.[1] Ms. Perez-Chaisson shall have until November 26, 2019 to move for reconsideration of this Order by written submission.

---

[1] It has been brought to our attention that one of Plaintiff's attorneys, Sonia Perez-Chaisson, engaged in conduct during the November 19, 2019 telephone conference that violated both this Court's Standards for Professional Conduct and this Judge's Policies and Procedures. Specifically, Ms. Perez-Chaisson repeatedly interrupted Magistrate Judge Rice, spoke over Magistrate Judge Rice, falsely accused Magistrate Judge Rice of "sexism," and lectured Magistrate Judge Rice on the manner in which he should approach the settlement process. Ms. Perez-Chaisson engaged in similar behavior, repeatedly interrupting and talking over this Judge, during telephone conferences we held with counsel for all parties on August 5 and October 15, 2019. Such conduct violates the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania and by this Court. See Local Civil Rule 83.6, Rule IV.B. (adopting the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania). Specifically, such conduct violates the Code of Civility, which requires a lawyer "to treat all participants in the legal process in a civil, professional and courteous manner" and mandates that "[a] lawyer should speak and write in a civil and respectful manner in all communications with the court, court personnel, and other lawyers." Supreme Court of Pennsylvania, Code of Civility, Art. II ¶¶ 1-2.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.

---

In addition, my Policies and Procedures specifically instruct attorneys that appear before me that "[p]racticality, civility, and professionalism facilitate the orderly resolution of cases" and further direct counsel "to read and be guided by the American College of Trial Lawyers' Code of Pretrial Conduct and Code of Trial Conduct." See The Honorable John R. Padova, Polices and Procedures, http://www.paed.uscourts.gov/documents/procedures/padpol.pdf, at 1. The American College of Trial Lawyer's Code of Pretrial Conduct requires that "[a] lawyer must be respectful, diligent, candid and punctual in all dealings with the judiciary" and "must always show courtesy to and respect for a presiding judge." American College of Trial Lawyers' Code of Pretrial Conduct, http://www.paed.uscourts.gov/documents/procedures/padpolc.pdf, at 4.

We note that we sanctioned Ms. Perez-Chaisson in the amount of $1000.00 on September 17, 2019 for her conduct in connection with the August 9, 2019 deposition of Dr. Fisher. While we have not based our decision to revoke Ms. Perez-Chaisson's *pro hac vice* admission on her August 9, 2019 conduct, it is clear that she has not altered her behavior as a result of the sanction we imposed on her on September 17, 2019.