IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN PATRICK O'LEARY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WEXFORD HEALTH SOURCES, INC., ET AL. | : | NO. 16-1393 |

## **ORDER**

**AND NOW**, this 2nd day of December, 2019, upon consideration of Sonia Perez Chaisson's Motion for Reconsideration of our November 20, 2019 Order revoking her *pro hac vice* admission to appear before this Court (Docket No. 93), **IT IS HEREBY ORDERED** as follows:

1.  The Motion for Reconsideration is **DENIED**.[1]

---

[1] On November 20, 2019, we revoked Ms. Perez Chaisson's *pro hac vice* admission to appear before this Court on behalf of the Plaintiff in connection with the above captioned action as a result of her conduct during telephone conferences held on August 5, 2019, October 15, 2019, and November 19, 2019. "The scope of a motion for reconsideration . . . is extremely limited . . . . Such motions . . . may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)). A motion for reconsideration will only be granted if the moving party establishes: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available *when the court granted the motion* . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Id. (quoting Howard Hess, 602 F.3d at 251). The instant Motion for Reconsideration, in which Ms. Perez Chaisson merely apologizes for her conduct during the listed telephone conferences, presents an insufficient basis for reconsideration. Moreover, even if Ms. Perez Chaisson had satisfied the requirements for reconsideration, she cannot, at this time, be admitted *pro hac vice* as counsel for Plaintiff in this case. "[A]ny attorney who is not a member of the bar of this court shall, in each proceeding in which that attorney desires to appear, have as an associate counsel of record a member of the bar of this court . . . ." Local R. Civ. P. 83.5.2(a). Moreover, "[a]n attorney who is not a member of the bar of this Court shall not actively participate in the conduct of . . . proceeding before this Court unless, upon motion of a member of the bar of this Court containing a verified application, leave to do so shall have been granted. Id. 83.5.2(b). As Ms. Perez Chaisson points out in her Motion for Reconsideration, her client has discharged John L. Rollins, the only attorney of record in this case who is a member of the bar of this Court. Ms. Perez Chaisson therefore cannot appear in connection with this proceeding because she would not have as an associate counsel of record a member of the bar of this Court. Moreover, Mr. Rollins previously moved for Ms. Perez Chaisson's *pro hac vice* admission in connection with this

   2. Ms. Perez Chaisson's request that we reconsider the amount of the sanction that was imposed on her in our September 17, 2019 Order (Docket No. 58) is **DENIED** but her request that we grant her additional time to pay the sanction is **GRANTED**.[2] Ms. Perez Chaisson shall pay the sanction imposed in our September 17, 2019 Order no later than December 30, 2019.

               BY THE COURT:

               _____
               John R. Padova, J.

---

case. Ms. Perez Chaisson has not identified any other attorney who is a member of the bar of this Court who would be willing to move for her admission in connection with this proceeding.

[2] On September 17, 2019, we sanctioned Ms. Perez Chaisson in the amount of $1000.00 for her conduct in connection with the August 9, 2019 deposition of Dr. Fisher. Our September 27, 2019 Order required Ms. Perez Chaisson to pay the sanction no later than September 27, 2019. In her Motion for Reconsideration, Ms. Perez Chaisson asks that we reconsider the amount of the fine or grant her additional time to pay it. Local Rule of Civil Procedure 7.1(g) requires that motions for reconsideration be filed "within fourteen (14) days after the entry of the order concerned." Local R. Civ. P. 7.1(g). Ms. Perez Chaisson's failure to either comply with our Order within the time provided therein or move for reconsideration within the time provided by Local Rule 7.1(g) is on a par with her other conduct in this proceeding. We deny her request that we reconsider the amount of the sanction because she seeks reconsideration more than seven weeks after the time expired for making such a request and because she has provided no basis for such relief. Nonetheless, we grant her request for additional time to pay the sanction.